**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4614**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

      v.

LUIS M. THOMAS,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:07-cr-00445-HEH-1)

───────────

Submitted:  April 29, 2009         Decided:  June 12, 2009

───────────

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Mark Diamond, Richmond, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Luis M. Thomas of conspiracy to traffic in counterfeit goods, 18 U.S.C. § 371 (2006), trafficking in counterfeit goods, 18 U.S.C. § 2320 (2006), and engaging in monetary transactions in property derived from unlawful activity (three counts), 18 U.S.C. § 1957 (2006). The court sentenced Thomas to 60 months' imprisonment on the conspiracy conviction and concurrent 63-month sentences on the remaining convictions. Thomas appeals his sentence, arguing that the district court erred in (1) not explicitly stating its determination of the sentencing factors under 18 U.S.C. § 3553(a) (2006); (2) imposing a two-level aggravating role enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2007); and (3) declining to grant him a two-level reduction for acceptance of responsibility under USSG § 3E1.1. Finding no reversible error, we affirm.

Thomas first argues that the district court erred in failing "to make a reasoned on-the-record determination," as to the 18 U.S.C. § 3553(a) sentencing factors. Thomas specifically asserts that the district court failed to address two related cases, those of his imputed co-conspirators, and therefore failed to adequately consider "the need to avoid unwarranted sentence disparities among defendants with similar records who

2

have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597. Contrary to Thomas' argument, there were simply no infirmities at sentencing.

In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory guideline range. Id. at 596-97. A sentence within the properly calculated guideline range may be afforded an appellate presumption of reasonableness. Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2459, 2462 (2007). This court must then consider whether the district court failed to consider the 18 U.S.C. § 3553(a) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Gall, 128 S. Ct. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, this court reviews the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any

variance from the Guidelines range.'"  Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).

In evaluating the sentencing court's explanation of a selected sentence, this court has consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guidelines range.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  But at the same time, the district court "must make an individualized assessment based on the facts presented."  Gall, 128 S. Ct. at 597.  Moreover, the district court must state the individualized reasons that justify a sentence, even when sentencing a defendant within the guidelines range.  Rita, 551 U.S. at ___, 127 S. Ct. at 2468.  The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration under [§ 3553(a)] and [were] clearly tied to [the defendant's] particular situation."  United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

Here, in addition to stating that it considered "all the factors set forth in [§ 3553(a)]" in determining Thomas' sentence, by evaluating Thomas' lengthy involvement in

4

counterfeit trafficking, his decision to involve his family members in the illegal activity and the scale of his operations, the district court clearly considered particular § 3553(a) factors, namely, Thomas' background and characteristics. Furthermore, the district court heard significant argument regarding Thomas' imputed co-conspirators and the need to avoid unwarranted sentence disparities and ultimately distinguished Thomas' case. It is clear that the district court not only explicitly stated its consideration of the § 3553(a) factors, in accordance with the standards set forth in Gall, but it also articulated how the sentencing factors applied to the facts of this particular case. We therefore find Thomas' sentence procedurally reasonable.

Thomas also argues the district court improperly enhanced his sentence for his role as a supervisor in the offense because he and his wife were "equal partners" in the business. The district court's determination that the defendant warrants a sentence enhancement is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). A defendant qualifies for a two-level aggravating role enhancement if he is an "organizer, leader, manager, or supervisor in any criminal activity." USSG § 3B1.1(c). We have reviewed the district court's findings and find no clear error in the court's two-level enhancement.

Last, Thomas contends the district court erred by declining to reduce his offense level based on acceptance of responsibility under USSG § 3E1.1. A district court's decision to deny an offense level reduction for acceptance of responsibility is reviewed for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). The district court denied the reduction based on its finding that Thomas never admitted he knew the goods were counterfeit. We find no clear error in this determination. See also USSG § 3E1.1, comment. (n.2) (A defendant may go to trial and still receive an adjustment for acceptance of responsibility, but such circumstances are rare and only warranted if the defendant went to trial "to assert and preserve issues that do not relate to factual guilt.").

Finding no abuse of discretion, we affirm Thomas' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED